**19JE-CC00825**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JAMIE MCARTHUR, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: |
| | ) Division: |
| WEST CLAIMS RECOVERY SERVICES, LLC d/b/a ACCENT COST CONTAINMENT SOLUTIONS, | ) ) ) ) |
| | ) **JURY TRIAL DEMANDED** |
| Serve registered agent at: CSC – Lawyers Incorporating Service Co. 221 Bolivar Street Jefferson City, Missouri 65101 | ) ) ) ) ) |
| Defendant. | ) ) |

## CLASS ACTION PETITION

COMES NOW Plaintiff Jamie McArthur, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant West Claims Recovery Services, LLC d/b/a Accent Cost Containment Solutions, states:

### Parties, Jurisdiction and Venue

1.      Plaintiff Jami McArthur ("Plaintiff" or "McArthur") is an individual who at all times relevant to this petition resided in Jefferson County, Missouri.

2.      McArthur is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because she is a natural person and is alleged by Defendant West Claims Recovery Services, LLC d/b/a Accent Cost Containment Solutions to owe a debt as described in this Petition.

Electronically Filed - Jefferson - November 15, 2019 - 05:38 PM

3. Defendant West Claims Recovery Services, LLC d/b/a Accent Cost Containment Solutions ("Defendant" or "Accent"), is an Delaware Limited Liability Company in good standing that is registered to transact business as a Foreign Limited Liability Company the State of Missouri.

4. Accent stated in its Application for Registration of a Foreign Limited Liability Company that its purpose of transacting business in the State of Missouri is "Claim Recovery Services."

5. Accent has obtained a trademark for its logo which appears on the collection letters that are the subject of this petition.

6. Accent describes the logo as describing its collection and recovery services.

7. Accent's website states that it recovers "hundreds of millions of dollars every year."

8. Accent is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another entity.

9. Accent is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because its principal purpose is the collection of debts and Accent uses interstate commerce or the mails to collect debts.

10. Jurisdiction is proper in the Circuit Court of Jefferson County, Missouri under the FDCPA, 15 U.S.C. §1692k(2)(d), because this Court is a court of competent jurisdiction to adjudicate actions brought under the FDCPA.

11. Venue is proper in the Circuit Court of Jefferson County, Missouri because the occurrences that are the subject of McArthur's claims occurred in part in Jefferson County, Missouri.

2

**Background**

12.    Accent sent a dunning letter to McArthur on August 30, 2019.

13.    The letter prominently displays the logo of Cigna, McArthur's former health insurer. The letter states that McArthur owes $7,097.32 to Cigna for medical services provided on October 5, 2018 because her insurance benefits were terminated as of September 30, 2018.

14.    The letter does not state that the communication is from a debt collector. The letter does not state that this communication is from a debt collector and that any information obtained will be used for that purpose.

15.    While Accent knew or should have known that McArthur filed a Chapter 13 Bankruptcy on December 21, 2018, it still sent her the August 30, 2019 letter.

16.    Accent was advised again on September 18, 2019, that McArthur had filed a Chapter 13 Bankruptcy on December 21, 2018.

17.    Accent sent another dunning to McArthur on October 10, 2019.

18.    The letter prominently displays the logo of Cigna, McArthur's former health insurer. The letter states that McArthur owes $509.40 to Cigna for medical services provided on October 5, 2018 because her insurance benefits were terminated as of September 30, 2018.

19.    While Accent knew or should have known that McArthur filed a Chapter 13 Bankruptcy on December 21, 2018, it still sent her the October 10, 2019 letter.

20.    McArthur's insurance benefits were not terminated on the October 5, 2018 date of service. Rather, she retained her insurance benefits at this time by paying for COBRA.

3

Electronically Filed - Jefferson - November 15, 2019 - 05:38 PM

**Count I –Individual Violations of the Fair Debt Collection Practices Act,
15 U.S.C. §1692 *et seq.***

21.     Plaintiff restates and incorporates by reference the allegations of all previous paragraphs as if fully stated in this Count.

22.     Accent's actions of sending dunning letters to Plaintiff after it knew or should have known that Plaintiff filed a Chapter 13 Bankruptcy violated the FDCPA in multiple respects.

23.     First, Accent's actions violate the FDCPA, 15 U.S.C. §1692e because it used a false, deceptive or misleading misrepresentation that Plaintiff owed the debts despite the fact Accent knew or had reason to know that Plaintiff was in a Chapter 13 Bankruptcy.

24.     Second, Accent's actions violate the FDCPA, 15 U.S.C. §1692e(2) because it falsely represented the character of the debts and the amounts owed because Plaintiff was in the middle of a Chapter 13 Bankruptcy and Accent lacked authority to such amounts.

25.     Third, Accent's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive means to collect or attempting to collect debts by attempting to collect a debt from Plaintiff while she had previously filed for Bankruptcy.

26.     Fourth, Accent's actions violate the FDCPA, 15 U.S.C. §1692e(11), it used a false misrepresentation and/or a deceptive means to collect or attempting to attempt to collect a debt from Plaintiff.

27.     Fifth, Accent's actions violate the FDCPA, 15 U.S.C. §1692f,(1) because it used an unfair or unconscionable means of attempting to collect debts from Plaintiff that is was not authorized to collect by law as she was in a Chapter 13 Bankruptcy.

28.     Accent's misconduct of alleging that Plaintiff owed certain amounts because her insurance was terminated violated the FDCPA in multiple respects.

4

Electronically Filed - Jefferson - November 15, 2019 - 05:33 PM

29.     First, Accent's actions violate the FDCPA, 15 U.S.C. §1692e because it used a false, deceptive or misleading misrepresentation that Plaintiff's insurance had terminated and was not in effect as of October 5, 2018, despite the fact that Plaintiff was insured under COBRA as of these dates.

30.     Second, Accent's actions violate the FDCPA, 15 U.S.C. §1692e(2) because it falsely represented the character of the debts and the amounts owed because Plaintiff was insured on the dates in questions and therefore Accent lacked authority to such amounts.

31.     Third, Accent's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive means to collect or attempting to collect debts by informing Plaintiff she owed a debt because her insurance had terminated as of a certain date when her insurance had not terminated.

32.     Fourth, Accent's actions violate the FDCPA, 15 U.S.C. §1692e(11), it used a false misrepresentation and/or a deceptive means to collect or attempting to attempt to collect a debt from Plaintiff by stating that Plaintiff's insurance had terminated when it had not.

33.     Fifth, Accent's actions violate the FDCPA, 15 U.S.C. §1692f,(1) because it used an unfair or unconscionable means of attempting to collect debts from Plaintiff that is was not authorized to collect by law as Plaintiff's insurance had not terminated as of the dates identified in Accent's dunning letters.

34.     Accent's misconduct has cause her significant stress and anxiety.

35.     Due to Accent's illegal conduct as described above, Plaintiff is entitled to all actual damages available under the FDCPA, 15 U.S.C. §1692k(a)(1).

36.     Due to Accent's illegal conduct as described above, Plaintiff is entitled to $1,000.00 in statutory damages under the FDCPA, 15 U.S.C. §1692k(a)(2)(A).

Electronically Filed - Jefferson - November 15, 2019 - 05:29 PM

37.     Due to Accent's illegal conduct as described above, Plaintiff is entitled to recover

her costs, attorneys' fees and all other amounts available under the FDCPA, 15 U.S.C.

§1692k(a)(3).

WHEREFORE Plaintiff Jamie McArthur requests that the Court enter judgment against

Defendant West Claims Recovery Services, LLC d/b/a Accent Cost Containment Solutions in

excess of $25,000.00 for all damages recoverable under the FDCPA, costs, and any applicable pre-

judgment and post-judgment interest.

## Count II –Individual and Class Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

38.     Plaintiff restates and incorporates by reference the allegations of all previous

paragraphs as if fully stated in this Count.

39.     Plaintiff seeks recovery individually, and on behalf of a class of similarly situated

persons as defined below for all violations of the FDCPA as set forth in this Count.

40.     Pursuant to Missouri Supreme Court Rule 52.08(b)(3) Plaintiffs seek to represent a

class of persons defined as follows:

All individuals with Missouri addresses to whom Accent sent a letter seeking to
collect an amount owed to someone other than Accent from one year prior to the
date of the filing of this suit until the date of class certification and such letter did
not state that the communication was from a debt collector.

41.     Accent's actions violate the FDCPA, 15 U.S.C. §1692e(11), because it used a false,

deceptive, or misleading representation or means to collect or attempt to collect from Plaintiff and

the putative class members by not identifying that the communication was from a debt collector.

42.     Accent's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false

misrepresentation and/or a deceptive means to collect or attempting to collect debts by prominently

6

displaying the logo of the purported creditor and not identifying that the letter was sent by a debt collector.

43.     Accent's actions violate the FDCPA, 15 U.S.C. §1692f, because it used an unfair or unconscionable means of attempting to collect debts from Plaintiff and the putative class members by not identifying that the communication was from a debt collector and prominently displaying the logo of the alleged creditor on the correspondence.

44.     Upon information and belief, there are at least 100 putative class members, and joinder of all class members is impracticable.

45.     Plaintiff's claims are typical of the claims of the putative class members.

46.     Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a)      Whether Accent is a "debt collector" as defined by the FDCPA;

b)      Whether Accent's conduct as described in this Petition is governed by the FDCPA;

c)      Whether Accent used false, deceptive, or misleading or misleading means to collect or attempt to collect debts from Plaintiff and the putative class members; and,

d)      Whether Accent used unfair or unconscionable means to collect or attempt to collect debts from Plaintiff and the putative class members.

47.     Plaintiff will fairly and adequately represent the putative class members.

48.     Plaintiff has retained counsel experienced in the prosecution of class actions, and Plaintiff is committed to vigorously prosecuting the claims.

49.     Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

Electronically Filed - Jefferson - November 15, 2019 - 05:33 PM

50.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

51.    Due to Accent's illegal conduct as described above, Plaintiff and the putative class members are entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1).

52.    Due to Accent's illegal conduct as described above, Plaintiff and the putative class members are entitled to statutory damages under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(ii).

53.    Due to Accent's illegal conduct as described above, Plaintiff and the putative class members are entitled to costs, attorneys' fees and all other amounts available under the FDCPA, 15 U.S.C. §1692k(a)(3).

WHEREFORE Plaintiff Jami McArthur, individually, and on behalf of all others similarly situated, requests that the Court enter a judgment against West Claims Recovery Services, LLC d/b/a Accent Cost Containment Solutions in excess of $25,000.00 for all damages available under the FDCPA, and any applicable pre-judgment and post-judgment interest, including but not limited to, the following relief:

a)    enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) certifying this action as a class action, and appointing Jamie McArthur as class representative;

b)    enter an order appointing Butsch Roberts & Associates LLC as class counsel;

c)    enter judgment in favor of Jamie McArthur, and the class for all damages available under the Fair Debt Collection Practices Act, including actual damages, statutory damages, attorneys' fees and costs incurred in bringing this action;

d)    award Jamie McArthur and the class all expenses incurred in the litigation and require Accent to pay the costs and expenses of class notice and administration; and,

e)    award Jamie McArthur and the class all taxable court costs and any other relief that

this Court deems just and proper.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

*Attorneys for Plaintiff*